DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Rick Duffield, has appealed the decision of the Summit County Court of Common Pleas granting summary judgment to Appellee, Barberton City Health District. We affirm.
 {¶ 2} Appellant is the owner of two lots in the City of Norton, Summit County, Ohio, located at 4586 and 4590 Rockcut Road. After receiving a permit from the Norton City Building Department to proceed with rehabilitating a structure on one of the parcels, Appellant applied to the Barberton City Health District for a household sewage disposal installation system. Appellee denied the Appellant's application. On April 21, 2003, the Barberton Board of Health held a hearing regarding the Appellant's application and denial. Following the hearing, the Barberton Board of Health again denied Appellant's permit application.
 {¶ 3} On August 28, 2003, Appellant filed the instant case against the City of Barberton, the City of Norton, and Barberton City Health District for damages and injunctive relief. In his complaint, Appellant claimed one count of detrimental reliance related to the improvement of a structure on his property in reliance on the approval of the septic system by the City of Norton, including damages in the amount of twenty-five thousand dollars ($25,000.00). Appellant also claimed one count of "Discrimination/Abusive Process," stating Appellee utilized its powers in an abusive and discriminatory manner. Following separate motions to dismiss, the trial court dismissed Appellant's claims against the City of Norton and the City of Barberton in journal entries dated January 14, 2004, and March 2, 2004, respectively.[1] The trial court proceeded with the claims against Appellee.
 {¶ 4} On June 11, 2004, Appellee filed a motion for summary judgment, presenting arguments that Appellant failed to timely file an administrative appeal of the April 21, 2003, decision of the Barberton Board of Health; that Appellant failed to present any evidence of the constitutional claim of discrimination; that Appellant's claims became moot as of April 5, 2004, when Appellee issued Appellant a septic permit, and that Appellee was protected under governmental immunity against any claim for money damages.
 {¶ 5} On July 29, 2004, the trial court granted Appellee's motion for summary judgment, finding Appellant's claim for detrimental reliance was not applicable to Appellee. The trial court also concluded that Appellant failed to submit any evidence establishing a claim for abuse of process or discrimination.
 {¶ 6} Appellant appealed, raising two assignments of error for our review. For ease of discussion, we will address both assignments of error together.
 ASSIGNMENT OF ERROR I
"The Court abused it's [sic] discretion by granting summary judgment in favor of Barberton."
 ASSIGNMENT OF ERROR II
"The trial Court abused it's [sic] discretion by granting summary judgment without leave of court after two pretrial conferences were conducted."
 {¶ 7} In his first assignment of error, Appellant challenges the trial court's decision to grant summary judgment in favor of Appellee. Appellant claims the issue under the summary judgment standard is not whether or not he timely filed an appeal, but that he was discriminated against by Appellee. We disagree.
 {¶ 8} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C);Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 9} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 10} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449
 {¶ 11} In this case, Appellee argued, inter alia, that it was entitled to summary judgment on Appellant's complaint because Appellant failed to follow the appropriate appeal process in disputing Appellee's decision to deny the permit, which resulted in his appeal being barred. We agree.
 {¶ 12} The exhaustion of administrative remedies doctrine is a wellestablished principle of Ohio law. Noernberg v. Brook Park (1980),63 Ohio St.2d 26, 29, citing State ex rel. Lieux v. Westlake (1951),154 Ohio St. 412, 415-16. The doctrine requires that a party exhaust available administrative remedies prior to seeking court action in an administrative matter. Noernberg, 63 Ohio St.2d at 29-30. This Court has acknowledged the clear position that exhaustion of administrative remedies is required when an action seeks a declaration of statutory rights. Spiller v. Caltrider (Apr. 26, 2000), 9th Dist. No. 19494, at 3, citing Fairview Gen. Hosp. v. Fletcher (1992), 63 Ohio St.3d 146, 149;Beckham v. Gustinski (Sept. 4, 1996), 9th Dist. No. 17621, citingSchomaeker v. First Natl. Bank (1981), 66 Ohio St.2d 304, 306 (holding that a "plaintiff [is] not entitled to declaratory judgment relief in the common pleas court, because such an action does not lie when a direct appeal to the common pleas court pursuant to R.C. Chapter 2506 is available.") Therefore, this Court concludes that Appellant was required to exhaust his administrative remedies before commencing his civil suit in the Summit County Court of Common Pleas.
 {¶ 13} Following the April 21, 2003, Board of Health's hearing regarding Appellant's initial application and denial, the Board of Health again denied Appellant's permit. R.C. 2506.01 provides that:
"[e]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code[.]"
A final order is "an order, adjudication, or decision that determines rights, duties, privileges, benefits or legal relationships of a person[.]" R.C. 2506.01. Here, the Health District is a political subdivision of the state, and the Board of Health issued a final order after the April 21, 2003, hearing at which Appellant's permit application was denied. Following a final order, pursuant to R.C. 2505.04, an appeal of an administrative agency proceeding is perfected by filing a written notice in accordance with the administrative officer, agency, board, department, tribunal, commission or other instrumentality involved.Roseman v. Village of Reminderville (1984), 14 Ohio App.3d 124, 126. R.C. 2505.07 states:
"[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."
Appellant presented no evidence that he followed the process for appealing an administrative decision, pursuant to R.C. Chapters 2505 and 2506. R.C. 2506.02 describes the record which must be prepared and filed by the administrative body whose decision has been appealed to a court of common pleas, including a transcript of "all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from."
 {¶ 14} We find that Appellee has met its burden by establishing that there were no genuine issues of material fact, thus entitling them to summary judgment as a matter of law. As Appellant did not present sufficient evidence to overcome summary judgment and failed to exhaust his administrative options before filing the instant case, we conclude that summary judgment in favor of Appellee was correct.
 {¶ 15} We overrule Appellant's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., concurs.
Carr, J., concurs in judgment only, saying:
 {¶ 16} I concur in judgment only. The trial court was correct in its analysis. First, promissory estoppel cannot be utilized against a political subdivision performing a governmental function.
 {¶ 17} Second, Appellee met his Dresher burden on summary judgment by putting forth evidence that other properties where permits were granted were not "similarly situated" to Appellant's property. Appellant did not demonstrate these properties were "similarly situated." I would, also, affirm, but on other grounds.
[1] Both cities were dismissed as defendants due to Appellee having exclusive jurisdiction over Appellant's sewer permit application.