DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lorenza Pearson, appeals an order of the Summit County Court of Common Pleas, which arose from within an R.C. 2506 proceeding to appeal an administrative action initiated by Appellees, the Summit County Board of Health and Copley Township Board of Trustees. The order is vacated.
 I. {¶ 2} Appellant operated LL Exotic Animal Farm on his property in Copley, Ohio, which involved the housing of numerous lions, tigers, bears, foxes, pigeons, dogs, and an alligator. In June 2002, Appellees summoned Appellant to an administrative hearing after which they declared his farm a public nuisance and ordered the animals removed unless Appellant brought the farm into compliance.
 {¶ 3} Appellant appealed to the Summit County Court of Common Pleas, pursuant to R.C. 2506.01, which affirmed. Appellant appealed to this Court, which affirmed the common pleas court. Summit Cty. Bd. of Healthv. Pearson (2004), 157 Ohio App.3d 105, 2004-Ohio-2251. Appellant did not appeal further.
 {¶ 4} Thereafter, Appellees sought enforcement, and moved the common pleas court for an order authorizing Appellees and local authorities to enter the property to remove the animals and also enjoining Appellant from interfering. On June 8, 2004, the common pleas court granted the order, ex parte. On June 9, 2004, Appellant filed a motion pursuant to Civ.R. 60(B) to vacate the order. The common pleas court conducted a hearing that same day and, on June 10, 2004, denied the motion. Appellant timely appealed, asserting a single assignment of error for review.
 II. Assignment of Error
"The trial court erred in authorizing, ex parte and without an evidentiary hearing, the summit county board of health to remove the animals from the LL Exotic Animal Farm because there had been complete compliance with the order of the health department and any nuisance had been abated."
 {¶ 5} Appellant alleges that the trial court abused its discretion in denying his Civ.R. 60(B) motion to vacate the June 8, 2004 order. However, based on the circumstances of this case, the propriety of the Civ.R. 60(B) motion is immaterial. Rather, at issue is the jurisdiction of the common pleas court to issue this order, and the effect of such an order absent jurisdiction. For the reasons that follow, we find that the common pleas court lacked jurisdiction and that the order was a nullity. Therefore, the ruling on the subsequent Civ.R. 60(B) motion is a nullity and there is no further issue before this Court for review. The judgment is vacated.
 {¶ 6} Subject matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action. Morrison v. Steiner (1972), 32 Ohio St.2d 86, paragraph one of the syllabus. Importantly, this Court holds jurisdiction to determine whether the trial court had jurisdiction, which bestows on this Court the inherent authority to render void any order issued by the trial court without proper jurisdiction. See State v. Lomax,96 Ohio St.3d 318, 2002-Ohio-4453, at ¶ 17 (subject-matter jurisdiction cannot be waived and may be raised sua sponte on appeal). Therefore, this Court will inquire into the trial court's subject matter jurisdiction. In this instance we begin by recognizing certain limitations:
"Moreover, where jurisdiction of the subject matter exists, but a statute has prescribed the mode and particular limits within which it may be exercised, a court must exercise jurisdiction in accordance with the statutory requirements; otherwise, although the proceedings are within the general subject-matter jurisdiction of the court, any judgment rendered is void because the statutory conditions for the exercise of jurisdiction have not been met." Ohio Jurisprudence 3d (2003), Courts and Judges, Section 243, citing State ex rel. Parsons v. Bushong (1945),92 Ohio App. 101, paragraph three of the syllabus, and citing generally, Article IV, Ohio Constitution.
As the present appeal arises from an R.C. 2506 administrative appeal to the common pleas court, we must therefore look to the subject matter jurisdiction prescribed to the common pleas court by such an appeal.
 {¶ 7} On an R.C. 2506 administrative appeal, the scope of jurisdiction is limited such that "the only question for the trial court to answer was whether the [agency's] decision * * * was supported by the record."Pullin v. Village of Hiram, 11th Dist. No. 2001-P-0146, 2003-Ohio-1973, at ¶ 44, citing Comm. Concerned Citizens, Inc. v. Union Twp. Bd. ZoningAppeals (1993), 66 Ohio St.3d 452, 456. In the present case, we are uncertain as to the specifics of the motion prompting the June 8, 2004 order because the motion was made orally and there is no transcript of the hearing. But the substance of the motion can be inferred from the resulting order, which is basically an injunction authorizing Appellees to enter and remove the animals, while also restraining Appellant from interfering. We find this action to be beyond the scope of R.C. 2506's grant of jurisdiction to determine whether the Board of Health's decision was supported by the record. See id.
 {¶ 8} In Community Concerned Citizens, the Supreme Court began its opinion with the portent: "In what should have been a relatively straightforward process, for several reasons, this case has become a procedural quagmire." Concerned Citizens, 66 Ohio St.3d at 453. Such is the case here. In that case, the appellant had filed an R.C. 2506 administrative appeal of appellee zoning board's decision, and had also sought a declaratory judgment as to the constitutionality of the underlying zoning ordinance. Id. at 453-54. The common pleas court dismissed the declaratory judgment complaint and appellant appealed that dismissal. Id. 453. The Supreme Court agreed with the dismissal and held that "the declaratory judgment action is independent from the administrative proceedings; it is not a review of the final administrative order." (Quotations, citations and edits omitted.) Id. Furthermore, "in order to request a declaratory judgment appellant was required to file a separate action. Procedurally, appellant's request for declaratory judgment could not be combined with its [administrative] appeal." (Emphasis in original.) Id. at 454. We conclude that the same reasoning applies to the present case: in order to request an injunction, appellees were required to file a separate action.[1] The injunction order is beyond the scope of the jurisdiction granted to the court of common pleas under R.C. 2506. See id.
 {¶ 9} An order issued without jurisdiction is a nullity; that is, void without legal effect. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus; Chapman v. Miller (1894), 52 Ohio St. 166, syllabus. As set forth above, the June 8, 2004 order was issued without jurisdiction. Therefore, that order is a nullity, and similarly, the subsequent Civ.R. 60(B) motion and ruling are nullities.
 III. {¶ 10} The orders underlying this appeal are deemed void for lack of subject matter jurisdiction, and accordingly are nullities without legal effect. The judgment at issue is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Whitmore, P.J. concurs
[1] It is undisputed that the Summit County Board of Health has authority to declare a nuisance and order it abated. R.C. 3707.01. Under this statute, the Board may also act, through its officers and employees, to abate that nuisance. Id.; R.C. 3707.02. While the statute also provides for a court-imposed injunction, as was sought in the present case, such an approach is discretionary, not mandatory. See R.C.3707.021 ("the board may petition the court of common pleas for an injunction" (Emphasis added.)). In the present case, the Board's June 2002 Resolution declared the property a nuisance and ordered it abated. That Resolution was appealed pursuant to R.C. 2506, and affirmed by both the court of common pleas and this Court. Upon affirmance, the Resolution became valid and self-executing, meaning that Summit County could have taken action to abate the nuisance without further Court order. However, the tenet arising from this opinion, overall, is that, if the Board seeks a court-imposed injunction, they must file a new claim to do so.