The STATE of Ohio, Appellee,

v.

HARRINGTON, Appellant.

[Cite as *State v. Harrington,* 159 Ohio App.3d 451, 2004-Ohio-7140.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA2003–12–040.

Decided Dec. 30, 2004.

452

Stephen J. Pronai, Madison County Prosecuting Attorney, and Gregory T. Merritt, Assistant Prosecuting Attorney, for appellee.

Zahid H. Siddiqi, for appellant.

POWELL, Judge.

{¶ 1} Defendant-appellant, Jeffrey Harrington, appeals his conviction in the Madison County Municipal Court for carrying more than the legally permitted weight in his tractor-trailer. We affirm appellant's conviction.

{¶ 2} In April 2003, appellant was pulled over by Deputy Waggoner of the Madison County Sheriff's Department as appellant traveled south on U.S. Route 42 near the intersection of U.S. Route 42 and State Route 29 in Madison County. Based on his experience in truck-weight enforcement, Deputy Waggoner suspected that appellant was carrying more than the legally permitted weight in his

tractor-trailer. Deputy Waggoner could tell from the sound of the tractor-trailer's engine that it was working extremely hard in getting the tractor-trailer up to speed. He also observed that the tractor-trailer's tires were "squashed," and that debris was "coming off the back tailgate of the truck."

{¶.3} After stopping appellant, Deputy Waggoner decided to weigh the tractor-trailer using the portable scale in his vehicle. Appellant subsequently followed Deputy Waggoner to a location where Deputy Waggoner could weigh the tractor-trailer. After determining that the tractor-trailer weighed more than the legally permitted limit, Deputy Waggoner cited appellant for a violation of R.C. 5577.04.

{¶ 4} In November 2003, the municipal court held a jury trial. Deputy Waggoner testified for the state, while appellant testified in his own defense. The jury found appellant guilty of violating R.C. 5577.04. The municipal court fined appellant $223. The court also sentenced appellant to 30 days in jail but suspended the sentence and placed appellant on probation for six months. Appellant now appeals his conviction, assigning two errors.

{¶ 5} Assignment of Error No. 1:

{¶ 6} "The trial court erred in excluding evidence proffered by defendant pertaining to R.C. 5577.04(A)."

{¶ 7} In this assignment of error, appellant argues that the municipal court erred in not allowing him to introduce evidence concerning the width of the tires on his tractor-trailer. Appellant argues that the width of the tires was relevant and could have constituted an affirmative defense to the charge.

{¶ 8} The admission or exclusion of evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. Absent an abuse of discretion and a showing that the accused has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. *State v. Issa* (2001), 93 Ohio St.3d 49, 64, 752 N.E.2d 904. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Barnes*, 94 Ohio St.3d 21, 23, 2002-Ohio-68, 759 N.E.2d 1240.

{¶ 9} Relevant evidence is generally admissible. Evid.R. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

{¶ 10} R.C. 5577.04 includes several sections setting forth formulas for determining the maximum permitted weight of a vehicle. R.C. 5577.04(I) states that when a driver is traveling on a noninterstate road surface, as appellant was,

either R.C. 5577.04(B) or R.C. 5577.04(D) applies, whichever section's formula yields the higher gross weight. The formulas used in those sections to determine the maximum permitted weight are based on the number of axles on the vehicle and the number of feet between the front axle and the rearmost axle. Neither section includes a formula based on the width of the tires. Deputy Waggoner determined that R.C. 5577.04(D) would yield the higher weight and therefore computed the maximum permitted weight under that section. Deputy Waggoner then weighed appellant's tractor-trailer and found that it was overweight in violation of R.C. 5577.04(D)(4).

{¶ 11} The formula for determining the maximum permitted weight under R.C. 5577.04(A) is based on the number of pounds per inch width of pneumatic tire. Appellant attempted to introduce evidence of his tire width in order to show that he was not in violation of R.C. 5577.04(A).

{¶ 12} We find that the municipal court did not abuse its discretion in refusing to admit evidence of the width of the tractor-trailer's tires. The state was attempting to show that appellant violated R.C. 5577.04(D), not R.C. 5577.04(A). Evidence of the width of the tires did not have a tendency to prove whether appellant was guilty of violating R.C. 5577.04(D). Accordingly, we overrule appellant's first assignment of error.

{¶ 13} Assignment of Error No. 2:

{¶ 14} "The trial court erred in overruling defendant's motion for acquittal."

{¶ 15} Appellant makes two arguments under this assignment of error. First, he argues that the state failed to prove its case beyond a reasonable doubt. Second, appellant argues that R.C. 5577.04 is unconstitutionally vague.

{¶ 16} We first address appellant's argument that the municipal court erred in denying his motion for acquittal. When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. *State v. Thompson* (1998), 127 Ohio App.3d 511, 525, 713 N.E.2d 456. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 17} As we previously discussed, R.C. 5577.04(I) states that when a driver is traveling on a noninterstate road surface, as appellant was, either R.C. 5577.04(B) or R.C. 5577.04(D) applies, whichever section's formula yields the higher gross weight. The formula for determining the maximum permitted weight under R.C. 5577.04(B) is $500((LN/N-1) + 12N + 36)$, where L is the length in feet between the front axle and rearmost axle, and N is the number of axles. Deputy

Waggoner testified that while appellant's tractor-trailer had seven axles, only five axles were down. Deputy Waggoner also testified that the length between the front axle and the rearmost axle was 38 feet. Inserting five axles and 38 feet into the formula, the maximum permitted weight under R.C. 5577.04(B) was 71,750 pounds.

{¶ 18} The formula for determining the maximum permitted weight under R.C. 5577.04(D)(4) is 38,000 plus 900 for each foot of spacing between the front axle and the rearmost axle. Given that there were 38 feet between the front axle and the rearmost axle, the maximum permitted weight under R.C. 5577.04(D) was 72,200 pounds. Because R.C. 5577.04(D) yielded a higher weight than R.C. 5577.04(B), R.C. 5577.04(D) applied. Deputy Waggoner testified that he used the maximum permitted weight of 72,200 pounds pursuant to R.C. 5577.04(D)(4).

{¶ 19} The maximum weight limit imposed by R.C. 5577.04(D)(4) applies to vehicles with pneumatic tires traveling upon a noninterstate road surface. According to Deputy Waggoner's testimony, appellant's tractor-trailer had pneumatic tires, and appellant was traveling upon a noninterstate road surface. Deputy Waggoner testified that he weighed appellant's tractor-trailer and that its gross weight was 78,350 pounds. That weight was well over the 72,200 maximum limit of R.C. 5577.04(D)(4). Based on Deputy Waggoner's testimony, and viewing the evidence in a light most favorable to the state, a rational trier of fact could have found that appellant violated R.C. 5577.04(D). Therefore, the municipal court did not err in denying appellant's Crim.R. 29 motion at the close of the state's case.

{¶ 20} Appellant next argues that R.C. 5577.04 is "unconstitutionally void for vagueness." All legislative enactments enjoy a strong presumption of constitutionality. *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552. The party alleging that a statute is unconstitutional must prove that assertion beyond a reasonable doubt in order to prevail. Id. When a statute is alleged to be void for vagueness, all doubts are to be resolved in favor of the constitutionality of the statute. *Oregon v. Lemons* (1984), 17 Ohio App.3d 195, 196, 17 OBR 385, 478 N.E.2d 1007.

{¶ 21} "[A] vague statute is one 'which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *State v. Phipps* (1979), 58 Ohio St.2d 271, 273, 12 O.O.3d 273, 389 N.E.2d 1128, quoting *Connally v. Gen. Constr. Co.* (1926), 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322. It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Phipps,* 58 Ohio St.2d at 273, 12 O.O.3d 273, 389 N.E.2d 1128, citing *Grayned v. Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222.

{¶ 22} There are four sections in R.C. 5577.04 setting forth prohibitions: R.C. 5577.04(A), 5577.04(B), 5577.04(D), and 5577.04(E). R.C. 5577.04(B) specifically states that it applies to vehicles traveling on an interstate roadway. R.C. 5577.04(D) specifically states that it applies to vehicles traveling on a noninterstate road. R.C. 5577.04(E) sets forth a maximum weight limit of 80,000 pounds. That section does not specify whether it applies to interstate or noninterstate roads, and presumably applies to any public road surface. R.C. 5577.04(A) sets forth a maximum weight limit based on the number of pounds per inch width of pneumatic tire. That section also does not specify whether it applies to interstate or noninterstate roads, and presumably applies to any public road surface.

{¶ 23} As previously discussed, R.C. 5577.04(I) states that either R.C. 5577.04(B) or 5577.04(D) applies to vehicles traveling on a noninterstate road surface, whichever section yields the higher permitted weight. R.C. 5577.04(I) essentially gives the driver on noninterstate roads the benefit of the doubt between R.C. 5577.04(B) and 5577.04(D).

{¶ 24} Appellant argues that R.C. 5577.04 does not sufficiently identify the maximum load limit that would apply to his vehicle. As part of his vagueness argument, appellant suggests that the General Assembly meant to make R.C. 5577.04(A) and 5577.04(D) the two possible sections for calculating maximum weight on noninterstate road surfaces, rather than R.C. 5577.04(B) and 5577.04(D), as R.C. 5577.04(I) states.

{¶ 25} We do not find that R.C. 5577.04 is unconstitutionally vague. A person of ordinary intelligence would not have to guess at the statute's meaning. The statute includes four sections setting forth prohibitions. Whether R.C. 5577.04(B) or 5577.04(D) applies depends on whether the driver is traveling on an interstate or a noninterstate road surface. R.C. 5577.04(A) and 5577.04(E) apply to any public road surface. In some circumstances, multiple sections would apply, and the state would determine under which section to proceed.

{¶ 26} As to appellant's argument concerning R.C. 5577.04(I), we cannot guess as to what the legislature intended. We can only interpret the language that has been enacted into law. Under R.C. 5577.04(I) as enacted, when vehicles are traveling on noninterstate roads, either the interstate formula of R.C. 5577.04(B) or the noninterstate formula of R.C. 5577.04(D) applies. We find that the statute does not produce an absurd result but that it represents a plausible intention of the General Assembly—to give the noninterstate driver the benefit of the doubt by applying either the interstate or the noninterstate standard, whichever one produces the higher weight. If this was not the General Assembly's intention, it is free to amend the statute.

{¶ 27} Based on the foregoing analysis, we overrule appellant's second assignment of error.

Judgment affirmed.

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.