[Cite as *Blue Ash v. Price*, 2018-Ohio-1062.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF BLUE ASH, OHIO, | : | APPEAL NO. C-170347 |
| | | TRIAL NO. 17TRD-2386 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| MATTHEW PRICE, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From: Stands

Date of Judgment Entry on Appeal: March 23, 2018

*Dinsmore & Shohl LLP, Bryan E. Pacheco, Mark G. Arnzen, Jr.*, and *Kelly E. Pitcher*, for Plaintiff-Appellant,

*Cohen Todd Kite & Stanford LLC* and *Richard R. Campbell,* for Defendant-Appellee.

**DETERS, Judge.**

{¶1}    In this discretionary appeal, plaintiff-appellant the City of Blue Ash, Ohio, challenges the trial court's decision made in a criminal proceeding brought against defendant-appellee Matthew Price in which the trial court held Blue Ash's toy-vehicle ordinance unconstitutional. The judgment of the trial court finding Price not guilty is not appealed. However, we determine that the trial court erred as a matter of law in declaring Blue Ash's ordinance unconstitutional.

### Facts and Procedural History

{¶2}    In October 2016, Price was riding on a motorized skateboard in a crosswalk on Kenwood Road in the city of Blue Ash when the driver of a vehicle hit him. Blue Ash police cited Price for violating Blue Ash Code of Ordinances 311.03(a) (the "toy-vehicle ordinance"). The toy-vehicle ordinance provides: "No person on roller skates or riding in or by any means of any sled, toy vehicle, skateboard or similar device shall be permitted on any street, highway or public lot unless the same is designated and marked as a 'play street' or 'play lot.' " Blue Ash Code of Ordinances 311.03(a). A citizen's initial violation of the toy-vehicle ordinance is a minor misdemeanor. *See* Blue Ash Code of Ordinances 311.03(c).

{¶3}    Price was found guilty of violating the toy-vehicle ordinance in the Blue Ash Mayor's Court, and he appealed to the Hamilton County Municipal Court. The trial court held a bench trial. The trial court determined that the toy-vehicle ordinance was "void for vagueness" and violated "a constitutional right of movement and personal enjoyment by confining skateboards to play zones." As a result, the trial court found Price not guilty.

{¶4} Blue Ash appeals from the trial court's decision holding the toy-vehicle ordinance unconstitutional.

## Jurisdiction

{¶5} Blue Ash filed this appeal under R.C. 2945.67(A). R.C. 2945.67(A) provides in relevant part: "A prosecuting attorney, village solicitor, city director of law, or the attorney general * * * may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *." Although the government cannot appeal a trial court's judgment of acquittal against a defendant, because double-jeopardy principles forbid retrial of a defendant who has been acquitted, R.C. 2945.67(A) allows the government to appeal from substantive legal rulings made in a criminal case, "so long as the verdict itself is not appealed." R.C. 2945.67(A); *see State ex rel. Yates v. Court of Appeals for Montgomery Cty.*, 32 Ohio St.3d 30, 512 N.E.2d 343 (1987), syllabus; *State v. Bistricky*, 51 Ohio St.3d 157, 160, 555 N.E.2d 644 (1990). Thus, R.C. 2945.67(A) gives a court of appeals discretionary authority to review substantive legal rulings. *Bistricky* at 160.

{¶6} In addition to R.C. 2945.67(A), the government must comply with App.R. 5(C). *Bistricky* at 159. App.R. 5(C) requires the government to file a motion for leave to appeal, and "[t]he motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims."

{¶7} Here, Blue Ash filed a motion for leave to appeal under R.C. 2945.67(A) and App.R. 5(C). Blue Ash admitted it could not appeal the trial court's

3

finding that Price was not guilty of the ordinance violation, but requested that this court review the trial court's legal conclusion that the toy-vehicle ordinance is unconstitutional. This court granted the motion, which leads to the instant appeal.

**Constitutional Right to Travel**

{¶8} Blue Ash's first assignment of error challenges the trial court's conclusion that the toy-vehicle ordinance violates a "constitutional right of movement and personal enjoyment."

{¶9} Although Ohio has not recognized a right of movement and personal enjoyment, Ohio has recognized a right of intrastate travel on public roads as a fundamental right in *State v. Burnett*, 93 Ohio St.3d 419, 428, 755 N.E.2d 857 (2001). In *Burnett*, the defendant was charged with violating a Cincinnati ordinance prohibiting a person from entering certain portions of the city after that person had been arrested for or convicted of a drug-related offense. The defendant later challenged his conviction, arguing that the ordinance unconstitutionally infringed on his right to travel. The Ohio Supreme Court recognized that a fundamental right to travel exists under the Due Process Clause of the United States Constitution. The court stated: "Every citizen of this state, much like the citizens of this Nation, enjoys the freedom of mobility not only to cross our borders into our sister states, but also to roam about innocently in the wide-open spaces of our state parks or through the streets and sidewalks of our most populous cities." *Id.* at 428. The court determined that the ordinance at issue was not narrowly tailored because it restricted a substantial amount of innocent conduct. The Sixth Circuit confronted the same ordinance and likewise held that a right of intrastate travel existed under the United States Constitution. *See Johnson v. City of Cincinnati*, 310 F.3d 484, 496-98 (6th

4

Cir.2002) (recognizing under the federal constitution a fundamental right "to travel locally through public spaces and roadways").

{¶10} Although the Ohio Supreme Court and the United States Court of Appeals for the Sixth Circuit have recognized citizens' fundamental right to intrastate travel, the right is not implicated merely because a legislative enactment burdens a mode of citizens' travel. For instance, in *State v. Varsel*, 2014-Ohio-1899, 11 N.E.3d 327 (6th Dist.), the court determined that a law prohibiting a driver of a motor vehicle from wearing earplugs did not restrict the right to intrastate travel. In reaching this conclusion, the court relied on another case, *State v. Stuber*, 3d Dist. Allen No. 1-02-13, 2002-Ohio-3394, which had held that a state law prohibiting a driver from driving without a valid license did not implicate the citizen's right to intrastate travel, because driving on a public roadway "is only one form of travel" and that the citizen could use another form of travel. *See also State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 13 (statute penalizing a failure to register a motor vehicle does not implicate the fundamental right to travel); *Duncan v. Cone*, 6th Cir. No. 00-5705, 2000 WL 1828089 (Dec. 7, 2000), citing *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir.1999) (holding "[w]hile a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle. * * * A burden on a single mode of transportation simply does not implicate the right to interstate travel.").

{¶11} Unlike the ordinance at issue in *Burnett*, which completely prohibited a class of citizens from entering areas of the city by foot, vehicle, or any mode of transportation, the toy-vehicle ordinance prohibits citizens from using toy vehicles or similar devices on roadways, highways, or public lots, unless designated a play street or play lot. A burden on a mode of transportation, here toy vehicles, does not

implicate the right to travel. The toy-vehicle ordinance does not unconstitutionally infringe on citizens' right to travel, and the trial court erred in so holding.

{¶12} Therefore, we sustain Blue Ash's first assignment of error and determine that the trial court erred in holding that the toy-vehicle ordinance violates a constitutional right of movement and personal enjoyment.

{¶13} Blue Ash's second assignment of error asserts that even if a constitutional right of movement and personal enjoyment to operate a motorized skateboard exists, the trial court erred by not balancing the respective interests prior to holding the toy-vehicle ordinance unconstitutional. Because of our resolution of Blue Ash's first assignment of error, Blue Ash's second assignment of error is moot and need not be addressed. *See* App.R. 12(A)(1)(c).

## Void for Vagueness

{¶14} In its third assignment of error, Blue Ash argues that the trial court erred in holding the toy-vehicle ordinance void for vagueness.

{¶15} It is unclear whether the trial court held the toy-vehicle ordinance unconstitutional as applied to Price or on its face. According to the judgment entry, it appears that the trial court held the toy-vehicle ordinance void for vagueness, because "motorized skateboard is yet to be properly defined." When a party makes a void-for-vagueness challenge to a legislative enactment as applied to the circumstances of a particular case, then the challenge is an as-applied challenge. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17. Because the toy-vehicle ordinance does not contain the phrase "motorized skateboard," and the underlying facts involve a motorized skateboard, then the trial court likely

6

undertook an as-applied analysis. Therefore, we assume that the trial court held the toy-vehicle ordinance unconstitutional as applied to Price's conduct.

{¶16} When a statute is alleged to be void for vagueness, all doubts are to be resolved in favor of the constitutionality of the statute. *State v. Harrington*, 159 Ohio App.3d 451, 2004-Ohio-7140, 824 N.E.2d 153, ¶ 20 (12th Dist.). In order to survive a void-for-vagueness challenge, a legislative enactment "must be written so that a person of common intelligence is able to determine what conduct is prohibited," and the legislative enactment "must provide sufficient standards to prevent arbitrary and discriminatory enforcement." *State v. Williams*, 88 Ohio St.3d 513, 532, 728 N.E.2d 342 (2000). A legislative enactment is not void for vagueness because it could have been worded more precisely, nor does every word in the enactment need a definition, because an undefined term can be given its common, everyday meaning. *State v. Dorso*, 4 Ohio St.3d 60, 446 N.E.2d 449 (1983).

{¶17} The toy-vehicle ordinance prohibits a person from riding on "roller skates," or "any sled, toy vehicle, skateboard, or similar device" on any street, highway, or public lot unless designated a play street or play lot. *See* Blue Ash Code of Ordinances 311.03(c). In this case, Price had been riding a motorized skateboard. Although the toy-vehicle ordinance does not specifically mention motorized skateboards among the prohibited modes of transportation on streets, nothing in the ordinance suggests that the prohibition is limited to human-powered modes of transportation. Thus, a motorized device could fall within the confines of the ordinance.

{¶18} Moreover, the toy-vehicle ordinance specifically includes a "skateboard" as a prohibited mode of travel in streets. A "skateboard" is defined as

"a short board mounted on small wheels that is used for coasting and for performing athletic stunts." Merriam-Webster Online, available at https://www.merriam-webster.com/dictionary/skateboard (accessed February 27, 2018). A motorized skateboard could fall within the category of a "skateboard," or at least a "similar device." Therefore, a person of common intelligence would not have to guess as to whether the toy-vehicle ordinance applies to the conduct of riding a motorized skateboard on a street, and the ordinance provides sufficient standards to law enforcement to prevent arbitrary and discriminatory enforcement.

{¶19} We determine that the trial court erred in holding the toy-vehicle ordinance void for vagueness because "motorized skateboard is yet to be properly defined." We sustain the third assignment of error.

### Confining Skateboards to "Play Zones"

{¶20} In its fourth assignment of error, Blue Ash asserts that the trial court erred in holding that the toy-vehicle ordinance unlawfully confines "skateboards" to "play zones."

{¶21} According to Blue Ash, the plain language of the toy-vehicle ordinance does not limit the use of toy vehicles or similar devices to play zones; therefore, those items could be used in other areas, such as on a sidewalk. We agree. The toy-vehicle ordinance prohibits a person from riding a toy vehicle or the like on streets, highways, or public lots—where motor vehicles travel. *See* Blue Ash Code of Ordinances 301.42(a) (" '[s]treet' or 'highway' are synonymous and mean the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel."). Nothing in the plain language of the ordinance prohibits the use of toy vehicles on sidewalks or in other areas. Therefore,

we hold that the trial court erred in interpreting the ordinance as confining skateboards to play zones. *See State ex rel. Ohio Presbyterian Retirement Servs. v. Indus. Commn. of Ohio*, 151 Ohio St.3d 92, 2017-Ohio-7577, 86 N.E.3d 294, ¶ 19 (unambiguous statutes are applied as written).

{¶22} We sustain Blue Ash's fourth assignment of error.

## Conclusion

{¶23} In conclusion, the trial court erred in holding that Blue Ash Code of Ordinances 311.03(a) is unconstitutional and in holding that the ordinance unlawfully confines skateboards to play zones. The trial court's judgment finding Price not guilty of a violation of the ordinance stands.

Judgment accordingly.

ZAYAS, P.J., and MILLER, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

9