[Cite as *Mt. Carmel Farms, L.L.C. v. Anderson Twp. Bd. of Zoning Appeals*, 2024-Ohio-2879.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


MT. CARMEL FARMS, LLC,

    Plaintiff-Appellee,

vs.


ANDERSON TOWNSHIP
BOARD OF ZONING APPEALS, et al.,

    Defendants,

  and

KYOCERA SENCO INDUSTRIAL
TOOLS, INC.,

    Intervenor-Appellant.

:

:

:

:

:

:

:

APPEAL NO. C-230423
TRIAL NO. A-2200436


*O P I N I O N.*


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgement Appealed From Is:  Affirmed

Date of Judgement Entry on Appeal: July 31, 2024



*Santen & Hughes, Brian P. O'Connor* and *J. Robert Linneman,* for Plaintiff-Appellee,

*Frost Brown Todd, LLC,* and *Charles B. Galvin*, for Intervenor-Appellant.

**KINSLEY, Judge.**

{¶1} In this administrative appeal, the Hamilton County Court of Common Pleas vacated as unreasonable a condition imposed by the Anderson Township Board of Zoning Appeals ("ATBZA") as part of a conditional-use permit issued to plaintiff-appellee Mt. Carmel Farms, LLC ("MCF"). That condition required MCF to construct a 14.5-foot solid fence or wall around its semi-tractor-trailer storage area, when typically only an eight-foot fence or row of foliage is required.

{¶2} Intervenor-appellant Kyocera Senco Industrial Tools, Inc. ("Senco") appeals the trial court's decision, asserting in a single assignment of error that the trial court erred in vacating the heightened fence requirement. More specifically, it argues that the trial court erred by failing to consider evidence of dust that accumulates from trailers on MCF's property, by improperly substituting its judgment for the ATBZA, and by finding that the ATBZA acted unreasonably in failing to modify the buffering requirement under Anderson Township Zoning Regulations ("ATZR") Section 3.16(F)(1).

{¶3} Because the trial court applied the correct standard of review to the ATBZA's decision and made no mistake of law that we can discern, we overrule Senco's assignment of error and affirm the judgment of the trial court.

### *Factual and Procedural Background*

{¶4} At issue in this case is a 30-acre storage lot ("the property") owned by MCF. The property is located in the industrial development district of Anderson Township. It abuts several neighboring businesses, including Evans Stoneworks, a landscaping company that stores its products outside; Pavestone, which also stores pallets on an exterior lot until they can be loaded onto trailers; and Senco, a distribution facility that regularly docks, loads, and temporarily stores semi-tractor-trailers. The property is surrounded by an eight-foot chain link fence and contains a gravel driveway. The property is also visible to Senco.

2

{¶5} After inspection, an Anderson Township official notified MCF that its open storage of trailers was inconsistent with the zoning regulations of the industrial district and that MCF was therefore in violation of ATZR Section 3.16(K)(2). That section provides:

> No open storage of materials, inventory or equipment shall be permitted within two hundred (200) feet of any Residence District or existing residential property line. Any other such open storage visible from any property line of the lot or tract shall, notwithstanding Article 5.2 (9), be screened by a solid fence or wall or dense row of foliage not less than eight (8) feet in height, the design of which is compatible with surrounding uses. Dumpsters, utility boxes and other unsightly appurtenances shall be screened in the same manner.

{¶6} In response, MCF sought both a conditional-use permit and a variance from the ATBZA. Its application for a conditional-use permit requested that MCF be permitted to store trailers on its property. Its variance requested that MCF be permitted to maintain its eight-foot chain link fence, rather than building the solid fence or wall or installing the dense row of foliage that Section 3.16(K)(2) requires.

{¶7} After three public hearings, the ATBZA granted MCF's application for a conditional-use permit. But it also found that the sight of the stored trailers, as well as dust created by trucks driving across the gravel driveway, constituted nuisances under ATZR Section 3.16(F)(5). Consequently, the ATBZA imposed two conditions on MCF's conditional-use permit. The first condition required MCF to pave the gravel driveway. The second condition mandated that MCF construct a 14.5-foot-tall solid fence or wall to screen the trailers from Senco's view. The variance was denied in light of these conditions.

{¶8}   MCF appealed the ATBZA's decision to the Hamilton County Court of Common Pleas pursuant to R.C. Chapter 2506, and Senco intervened in the administrative appeal.  In the meantime, MCF paved the gravel driveway, satisfying the first condition of the conditional-use permit.  MCF's administrative appeal therefore focused on the second condition imposing the additional fencing requirement.

{¶9}   MCF presented three arguments to the magistrate below. First, it argued that Section 3.16(K)(2) did not apply to the property because the presence of semi-tractor-trailers on the property did not constitute "open storage" under that provision. The magistrate rejected this contention because MCF had admitted earlier in the proceeding that Section 3.16(K)(2) applied to its activities.

{¶10}   Next, MCF claimed that the ATBZA applied an incorrect standard in denying its application for a variance. It argued that its request to depart from the solid buffering requirement in Section 3.16(K)(2) was a request for a use variance, rather than an area variance as the ATBZA had determined. The magistrate again rejected MCF's position, finding that the ATBZA correctly employed the area variance standard in assessing the type of fencing that was required under the (K)(2) subsection.

{¶11}   Lastly, MCF challenged the second condition and the application of ATZR Sections 3.16(F)(5) and (F)(6) to MCF's storage of semi-tractor-trailers on the property.  With respect to Section 3.16(F)(5), MCF contended the ATBZA improperly characterized the property as a nuisance.  That provision provides, in pertinent part, that "all odor, dust, smoke, gas, emissions, noise or similar nuisance" shall be abated to protect neighboring properties. The magistrate agreed with MCF that, under a plain reading of the section, the open storage of trailers on the property did not constitute a nuisance. The magistrate therefore concluded that the ATBZA erred in determining the property to be subject to nuisance abatement under Section 3.16(F)(5).

{¶12} The magistrate also deemed the ATBZA's decision to increase the fence height from eight feet to 14.5 feet under ATZR 3.16(F)(6) to be unreasonable. Section 3.16(F)(6) permits the zoning board to add additional landscaping and fencing requirements for the protection of neighboring properties. In this case, the ATBZA imposed the extended fence height requirement on the basis that semi-tractor-trailers being stored on MCF's property were visible to the neighboring businesses, including Senco. But the magistrate held this conclusion to be unreasonable, given that both Pavestone and Senco routinely display their own unscreened outdoor storage, which, at least on the part of Senco, includes the docking, loading, and temporary storage of tractor-trailers.

{¶13} For similar reasons, the magistrate also found that the ATBZA acted unreasonably in failing to apply its discretionary powers to modify the fencing requirement in MCF's favor under Section 3.16(F)(1). That section reads:

> Modifications by Board of Zoning Appeals: In a case where the topography or other physical features of the tract or its relation to surrounding property may make complete compliance with the requirements of this section unnecessary or undesirable, the Board of Zoning Appeals may modify such requirements to the extent warranted provided the surrounding property and the public welfare are adequately protected.

{¶14} In interpreting the scope of this provision, the magistrate acknowledged that it could be read to apply only to the physical characteristics of neighboring properties rather than their use. In other words, the magistrate considered limiting the ATBZA's power to modify zoning requirements based solely on whether the physical attributes of the surrounding land makes compliance unnecessary. Relying upon the principle that ambiguity in zoning regulations should be construed in favor of the landowner, however, the magistrate

instead read this provision more broadly. *See, e.g., Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 34. In the magistrate's view, Section 3.16(F)(1) permits consideration of how adjacent properties are being used in determining whether compliance with specific zoning regulations is necessary. In this case, because the properties surrounding MCF are used to store and transport semi-tractor-trailers and other equipment, the magistrate reasoned that the ATBZA acted unreasonably in imposing a 14.5-foot solid wall requirement to buffer an identical use on MCF's property. The magistrate accordingly vacated the second condition attached to MCF's conditional use permit.

{¶15} Senco objected to the magistrate's decision. On March 21, 2023, the trial court adopted the reasoning of the magistrate and vacated the second condition as unreasonable.

{¶16} Senco now appeals.

### Standard of Review

{¶17} Pursuant to R.C. 2506.04, appellate review of an administrative zoning appeal is limited to "questions of law." *Henley v. City of Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). From a factual standpoint, appellate courts lack the power to weigh evidence and are instead "require[d] to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil v. City of* Sandusky, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). Appellate review is therefore highly deferential to the trial court in zoning appeals cases. *Banker's Choice, LLC v. Zoning Bd. of Appeals*, 2021-Ohio-1206, 170 N.E.3d 928, ¶ 14 (1st Dist.). Furthermore, the standard of review in administrative appeals "permits reversal only when the court of common pleas errs in its application or interpretation of the law or its decision is unsupported

by a preponderance of the evidence as a matter of law." *Cleveland Clinic Found.*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 30. As such, the law strongly favors affirmance in these cases. *Id.* at ¶ 30.

{¶18} The common pleas court, on the other hand, applies a standard of review in administrative appeals that more closely resembles a de novo proceeding. *Id.* at ¶ 24. Under this standard, "the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record" and may overturn the administrative decision where it finds a violation of this standard. *Id.* at ¶ 22, citing R.C. 2506.04.

### Analysis

{¶19} Senco raises a single assignment of error alleging that the trial court erred in finding the second condition imposed by the ATBZA to be unreasonable. It presents three arguments in support of that claim: (1) that the trial court failed to consider evidence of dust from the gravel driveway in determining whether the property constituted a nuisance, (2) that the trial court improperly substituted its judgment for the zoning board's, and (3) that the trial court improperly determined the ATBZA's failure to apply Section 3.16(F)(1) to be unreasonable.

{¶20} We consider each issue in turn. In doing so, we acknowledge the constraints placed on our review by the stringent standard of appellate review in administrative appeals. The law strongly favors affirming a trial court's decision in a R.C. Chapter 2506 appeal. *See Cleveland Clinic Found.*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 30. To overcome this presumption, Senco must demonstrate that the trial court either erred in its

application or interpretation of the law or that its decision was unsupported by the evidence as a matter of law. *Id.* This it cannot do.

### A. *Nuisance*

{¶21} Senco first takes issue with the trial court's determination that the property is not a nuisance as that term is used in ATZR Section 3.16(F)(5). More specifically, Senco contends that the trial court erred in discounting evidence that dust accumulates from the gravel driveway across the property and instead considering only the storage of semi-tractor-trailers in assessing the applicability of subsection (F)(5). But the record reflects that MCF had paved the gravel driveway prior to the issuance of the magistrate's decision, and no evidence in the record suggests that the dust continued to be problematic after this condition was satisfied. Thus, we cannot say that this aspect of the common pleas court's decision was unsupported by a preponderance of the evidence as a matter of law. *See Cleveland Clinic Found.* at ¶ 30. Consequently, we reject the first argument raised by Senco in support of its assignment of error.

### B. *Substitution of ATBZA's Judgment*

{¶22} Senco next argues that the court below improperly substituted its judgment in place of the ATBZA in two respects. First, Senco contends that the magistrate improperly considered the presence of semi-tractor-trailers on neighboring properties in analyzing the applicability of ATZR Section 3.15(F)(1). Senco concedes that trucks are present on the abutting properties, but contends that that use does not amount to "storage" as that term is used in Section 3.16(K)(2). Second, Senco contends that the magistrate should have deferred to the zoning board in comparing MCF's use of its property to the presence of semi-tractor-trailers on the surrounding properties.

{¶23} With respect to Senco's first contention, we are not persuaded that the magistrate improperly characterized the presence of semi-tractor-trailers on Senco's property

8

as "storage." The record reflects that trucks would travel onto Senco's property and would temporarily remain there until they were unloaded. The record therefore contains competent, credible evidence to support the magistrate's conclusion that tractor-trailers were stored on Senco's property. *See Kisil*, 12 Ohio St.3d at 34, 465 N.E.2d 848.

{¶24} Senco further suggests that the presence of trucks on its property must rise to the level of "open storage," as that term is used in Section 3.16(K)(2), to be relevant to the consideration of surrounding property under Section 3.16(F)(1). But the magistrate explained why even the temporary storage of trucks and other items on neighboring properties was relevant—it negated the need to buffer MCF's open storage from view by properties used for similar activities—and we see no obvious error in that interpretation. The plain language of Section 3.15(F)(1) neither references subsection (K)(2), nor includes the term "open storage." Nor, for that matter, does Section 3.15(F)(1) specifically limit the zoning board to considering specific defined uses in exercising its discretionary powers. To the contrary, Section 3.15(F)(1) directs the zoning board to consider attributes of the surrounding property in assessing whether compliance with zoning regulations is necessary. The trial court therefore did not err in reading this provision to embrace the presence of trucks on Senco's property without ascertaining whether Senco engaged in "open storage" under subsection (K)(2). *See Cleveland Clinic Found.*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 22.

{¶25} With respect to Senco's contention that the magistrate should have deferred to the ATBZA's determination, that argument defies the standard of review applicable to R.C. Chapter 2506 administrative appeals. The magistrate's task was to review the ATBZA's decision under a de novo-like standard to determine if its decision was, among other problems, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence. *Id*. The magistrate reviewed the evidence and concluded that the

ATBZA's imposition of a heightened fencing requirement was unreasonable in light of the usage of the surrounding properties. Contrary to substituting its judgment for the zoning board's, this outcome fell solidly within the standard of review imposed on the trial court. *Id.* Given the deference with which we review the trial court's decision, we cannot say the trial court acted improperly by reaching an outcome that is squarely contemplated by the applicable judicial review standards. *Id.* at ¶ 30.

{¶26} We accordingly reject Senco's contention that the trial court improperly substituted its judgment for the ATBZA's and overrule Senco's assignment of error.

### *Conclusion*

{¶27} For the reasons set forth in this opinion, we reject Senco's appeal of the trial court's decision vacating the fencing condition attached to MCF's conditional-use permit. The trial court's decision finding the ATBZA's imposition of a 14.5-foot fence condition on MCF's conditional-use permit to be unreasonable is accordingly affirmed.

Judgment affirmed.

CROUSE, J., concurs.
ZAYAS, P.J., concurs in part and dissents in part.

ZAYAS, P.J., concurring in part and dissenting in part.

{¶28} I dissent in part and would hold that the trial court improperly relieved MCF entirely from statutory obligations to screen approximately 100 tractor trailers from neighboring properties.

{¶29} First, I note my concern that arial and other photographs of the area were submitted to the trial court by stipulation of the parties, even though these photographs were not submitted to the ATBZA for consideration in making a determination about this property. I find this troubling as the record does not reveal that any of the circumstances described in R.C. 2506.03 were applicable in the instant case that would normally allow the trial court to

proceed beyond the confines of the administrative record. Nevertheless, the photographs became evidence central to the trial court's decision, despite no testimony or other evidence being offered—either at the ATBZA hearing or in the trial court—to explain the photographs or put the photographs in context, and the trial court utilized this evidence when determining the use and storage of neighboring properties. Yet, no party has challenged before this court the trial court's use of this evidence. Consequently, given our very limited standard of review, I address only the arguments presented to this court.

{¶30} "R.C. Chapter 2506 governs appeals to the courts of common pleas from final orders of administrative officers and agencies of political subdivisions, including municipal boards of zoning appeals." *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 22. "R.C. 2506.04 governs the standard of review the trial court must apply in such an appeal." *Id.*

{¶31} R.C. 2506.04 provides:

If an appeal is taken in relation to a final order, adjudication or decision [of a board of a political subdivision], the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, or probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶32} "Thus, R.C. Chapter 2506 confers on the common pleas courts the power to examine the whole record, make factual and legal determinations, and reverse the board's decision if it is not supported by a preponderance of substantial, reliable, and probative evidence." *Cleveland Clinic* at ¶ 24, citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 289 N.E.2d 1113 (1979).

{¶33} The hearing before the common pleas court has often been described as resembling a de novo proceeding. *See, e.g., Cleveland Clinic*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ at 23, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). This is because the court can look at the whole record, weigh the evidence, and make both factual and legal determinations. *See, e.g., Dudukovich* at 207.

{¶34} However, although the court's review is *like* a de novo proceeding, it is *not* in fact de novo. *See id.* " 'The court weighs evidence to determine whether a preponderance of reliable, probative, and substantial evidence supports the administrative decision, and if it does, the court *may not* substitute its judgment for that of' the administrative agency." (Emphasis added.) *Shelly Materials, Inc. v. City of Streetsboro Planning & Zoning Comm.*, 158 Ohio St.3d 476, 2019-Ohio-4499, 145 N.E.3d 246, ¶ 13, quoting *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 25 N.E.3d 1182, ¶ 13. In other words, the court may only reverse the agency's decision " '*if* it is not supported by a preponderance of substantial, reliable, and probative evidence.' " (Emphasis added.) *Id.*, citing *Cleveland Clinic* at ¶ 24. "The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand." *Dudukovich* at 207.

12

{¶35} Thus, the court of common pleas' review is not completely without deference to the administrative agency. It cannot just blatantly substitute its judgment for that of the agency. *Dudukovich*, 58 Ohio St.2d at 207, 289 N.E.2d 1113 ("We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise."); *accord, e.g., Shelly Materials* at ¶ 13. It must first find that the agency's decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, or probative evidence" before it may modify the agency's decision based on its own judgment. *See* R.C. 2506.04.

{¶36} I dissent in part from the majority's opinion in this case because I would hold that the trial court exceeded the bounds of its review under R.C. 2506.04 when finding that the ATBZA's decision not to apply Section 3.16(F)(1) was unreasonable. As further explained below, the trial court—depending on how its decision is interpreted—either made a determination that is not supported by the evidence in the record or blatantly substituted its judgment for that of the ATBZA by finding the board's decision to be unreasonable and applying Section 3.16(F)(1) to relieve MCF of any obligations under Section 3.16(K)(2) to screen the approximately 100 tractor-trailers stored, based on certain evidence in the record that it found persuasive, without viewing the evidence within the plain language of 3.16(K)(2) and the other evidence in the record that may weigh in favor of the board's decision.

{¶37} This case began when MCF submitted a request to the ATBZA for a conditional-use certificate permitting it to operate a three-acre storage facility—storing around 100 tractor-trailers—within its 30-acre property located in the ID Industrial Development District and a variance allowing it to screen the property with the existing eight-foot chain-link fence and/or existing foliage around the property. After holding several public hearings, the ATBZA

13

denied MCF's request for a variance—finding that a variance would be substantial given that the trailers were visible from all adjacent property lines to the north, south, east, and west—but granted a conditional-use certificate provided that certain conditions were met. Relevant to our purposes here, a condition imposed by the ATBZA required that MCF "shall install a solid fence or wall around the trailer storage area that complies with [Section 3.16(K)(2)] and the solid fence or wall shall be 14.5' high" ("the fencing condition").

{¶38} MCF then filed its administrative appeal of the ATBZA's decision in the court of common pleas. The issues ultimately before the trial court were the ATBZA's denial of the variance and imposition of the fencing condition. After the filing of the administrative record, briefing, and oral argument, the magistrate entered a decision affirming the denial of the variance but vacating the fencing condition in its entirety. The magistrate first vacated the ATBZA's imposition of the additional requirements—beyond what is already required under 3.16(K)(2)—under 3.16(F)(6), which would include the height increase and the requirement that the screen must be a solid fence or wall, rather than a dense row of foliage. Then, relying on 3.16(F)(1), the magistrate went further and relieved MCF of compliance with the standard requirements of 3.16(K)(2). Senco objected to the magistrate's decision, but the trial court ultimately overruled Senco's objections and adopted the decision of the magistrate.

{¶39} As an initial matter, based on the arguments before us, I agree with the majority's conclusion to overrule Senco's argument concerning the trial court's decision to vacate the additional requirements imposed by the ATBZA under 3.16(F)(6).[1] The trial court vacated the additional requirements under 3.16(F)(6) after finding that it was unreasonable for the ATBZA to hold MCF to such requirements in order to completely screen the trailers from view when there is "abundant outdoor storage in the surrounding area that is not

---

[1] I do not address Senco's argument pertaining to 3.16(F)(5) as I concur in the majority's opinion on this issue.

completely screened from view." Senco argues that the trial court erred in making this determination because there is no evidence in the record of any other storage in the area that violated 3.16(K)(2). Yet, nothing in the plain language of 3.16(F)(6) requires only consideration of other zoning violations in the surrounding area. Rather, the plain language of 3.16(F)(6) would permit consideration of anything relevant to determining what is necessary "for the protection of adjacent property." Senco advances no argument for why the additional requirements were nevertheless needed for the protection of adjacent property, and, consequently, fails to set forth any meritorious argument as to why the trial court erred in finding that the board's decision was unreasonable in this regard. Beyond that, Senco advances no further argument for how the trial court erred as a matter of law when vacating the additional requirements imposed by the ATBZA under 3.16(F)(6). Consequently, I agree with the majority's conclusion that this argument fails under our stringent standard of review.

{¶40} However, I agree with Senco's argument concerning 3.16(F)(1) and the standard requirements under 3.16(K)(2) and therefore dissent from the majority's opinion to affirm the trial court's decision relieving MCF of compliance with the standard requirements of 3.16(K)(2).

{¶41} The trial court relieved MCF completely of compliance with the requirements of Section 3.16(K)(2) after finding that the ATBZA should have considered whether, under 3.16(F)(1), the storage area's relation to surrounding property would make compliance with the requirements of 3.16(K)(2) unnecessary, and finding that the ATBZA erred in not applying 3.16(F)(1) where "the property at issue's relation to surrounding property makes the 14.15-foot solid fence or wall requirement unreasonable." Senco argues that, in doing so, the trial court improperly substituted its judgment for that of the ATBZA by applying 3.16(F)(1),

particularly where the language of the provision is permissive and not mandatory for the ATBZA. I agree.

{¶42} First, I find curious the majority's determination that the trial court properly relieved MCF completely from the screening requirements under 3.16(K)(2). While 3.16(F)(1) gives the ATBZA the authority to partially or completely vacate 3.16(K)(2)'s screening requirements under certain circumstances, it does not obligate the ATBZA to do so. *See* 3.16(F)(1) (providing that the ATZBA *may* modify the requirements to the extent warranted); *Turner v. City of Bexley Bd. of Zoning & Planning*, 10th Dist. Franklin Nos. 22AP-554 and 22AP-562, 2023-Ohio-3225, ¶ 14 ("A court must accord significance and effect to every word, phrase, sentence, and part of an ordinance, and avoid construing an ordinance in a manner that would render words or phrases superfluous.").

{¶43} Additionally, I would note that the record does not support that the board failed to consider 3.16(F)(1). Rather, the board said that the provision was inapplicable in this case. While saying a provision is inapplicable could be read, in isolation, to mean that the board did not consider the provision, a review of the hearing transcripts in the record confirms that the board did at least consider the provision. Therefore, to the extent that the trial court's decision can read as finding that the ATBZA failed to even consider 3.16(F)(1), I would hold that such a determination is not supported by the record.

{¶44} Beyond that, I would hold that the trial court blatantly substituted its judgment for that of the ATBZA by finding that the ATBZA should have applied 3.16(F)(1) based solely on the presence of "other outdoor storage" in the area that is not completely screened from view.

{¶45} In pertinent part, 3.16(F)(1) states, "In a case where * * * the tract['s]      * * * relation to surrounding property may make complete compliance with the requirements of

16

[Section 3.16] unnecessary or undesirable, the Board of Zoning Appeals *may* modify such requirements to the extent warranted provided the surrounding property and the public welfare are adequately protected." (Emphasis added.) At issue here are the standard requirements under Section 3.16(K)(2), which are that any "open storage visible from any property line of the lot or tract" be screened "by a solid fence or wall or dense row of foliage not less than eight (8) feet in height, the design of which is compatible with surrounding uses."

{¶46} The trial court relieved MCF of the express requirements of Section 3.16(K)(2) based on its finding that there was "other outdoor storage" in the area that was not completely screened from view. However, what is notably absent from the trial court's decision is any consideration of the "other outdoor storage" in the area within the context of 3.16(K)(2), including its visibility to other properties and proximity to residential property. The majority suggests that nothing in 3.16(F)(1) would require consideration of surrounding property within the context of 3.16(K)(2) as "[t]he plain language of Section 3.16(F)(1) neither references subsection (K)(2), nor includes the term 'open storage.' " However, as a matter of statutory construction, I disagree. When applying 3.16(F)(1), it clearly must be read in conjunction with the requirement in question, which—in this case—is 3.16(K)(2). *See generally, e.g., Cleveland Clinic*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 35 ("[W]e have long held that when applying a zoning provision, a court must not view the provision in isolation; rather, its 'meaning should be derived from a reading of the provision taken in the context of the entire ordinance.' "); *Willow Grove, Ltd. v. Olmsted Twp. Bd. of Zoning Appeals*, 169 Ohio St.3d 759, 2022-Ohio-4364, 207 N.E.3d 779, ¶ 18 ("We interpret municipal ordinances and resolutions in the same manner as statutes."). Consequently, I find it significant that there is no indication that the trial court considered the "other outdoor storage" within the specific context of 3.16(K)(2) as this indicates that the trial court did not

17

consider any evidence in the record that may weigh in favor of the ATBZA's decision in this regard.

{¶47} Importantly, the trial court did *not* find that the ATBZA's decision was not supported by a preponderance of evidence. Instead, the trial court said that the ATBZA's decision was unreasonable based on certain evidence it picked from the record that—in its view—supported the application of 3.16(F)(1), a provision that is *permissive* to the board. A decision is only unreasonable where it is not governed by reason or is irrational. (Citations omitted.) *Reed v. Vermillion Local School Dist.*, 83 Ohio App.3d 323, 326, 614 N.E.2d 1101 (6th Dist.1992). A decision is not unreasonable simply because there may be certain evidence that may favor a different decision. The key question is where the *preponderance* of the evidence lies, and the record is devoid of any indication that the trial court considered whether, based on the whole record, a preponderance of the evidence supported the ATBZA's determination.

{¶48} To be sure, the administrative record is *not* devoid of any evidence to support the ATBZA's decision. Rather, there are a number of distinguishing features about the property in question that could support the board's decision that 3.16(F)(1) was inapplicable. To name a few, the storage facility in question is an approximately three-acre area that always stores around 100 trailers, while the Senco facility next door only stores around one tenth of that amount. Further, the other large quantity of storage trailers in the area (storing around 150 trailers across the street) are largely screened from view, while the MCF trailers can be viewed from all sides. Even further, the MCF storage is bordered on at least two sides by what appears to be a residential area, while the other large-quantity storage of trailers appears to be bordered mainly by wooded areas or other industrial properties. While there was evidence that MCF's tractor-trailers are visible to residential and commercial neighbors, the entire

record is devoid of any testimonial or expert evidence on visibility to neighbors of Senco's property use. In other words, there are a number of other considerations to be weighed from the evidence when considering the ATBZA's decision under 3.16(K)(2) and (F)(1) regarding this specific property. Yet, there is no indication that the trial court considered any of this evidence when reviewing the ATBZA's decision. This is particularly troubling where 3.16(F)(1) is discretionary to the board to begin with.

{¶49} To be clear, I am not suggesting that the trial court's decision should be reversed because the ATBZA's decision was supported by the evidence. Quite differently, I am saying that the trial court's judgment should be reversed because it inappropriately applied the required standard of review under R.C. 2506.04 when making the determination that the ATBZA's decision was unreasonable. A court of appeals may reverse the decision of the common pleas when it errs in its application or interpretation of the law. *Cleveland Clinic*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 30; *see, e.g., Athenry Shoppers, Ltd. v. Planning & Zoning Comm. of Dublin*, 10th Dist. Franklin No. 08AP-742, 2009-Ohio-2230, ¶ 24-26 (reversing the decision of the trial court in an administrative appeal after finding that the trial court failed to apply the standard of review under R.C. 2506.04 and instead "effectively substituted its judgment" for that of the agency by focusing on certain evidence it found persuasive rather than weighing all of the evidence in the record to determine whether the agency's decision was supported by a preponderance of the substantial, reliable, and probative evidence). The trial court cannot find that the ATBZA's decision was unreasonable simply because it disagrees with the board's decision based on certain evidence from the record. It must follow the directives of R.C. 2506.04. Accordingly, I would reverse the portion of the trial court's judgment that relieves MCF completely of its obligations under 3.16(K)(2).

Please note:

The court has recorded its entry on the date of the release of this opinion.