[Cite as *Voorhees v. Anderson Twp. Bd. of Zoning Appeals*, 2024-Ohio-4459.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| MICHAEL R. VORHEES, | : | APPEAL NO. C-240095 |
|  |  | TRIAL NO.  A-2300758 |
| Plaintiff-Appellant, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
|  |  |  |
| ANDERSON TOWNSHIP BOARD OF ZONING APPEALS, | : |  |
|  |  |  |
| and | : |  |
|  |  |  |
| ANDERSON TOWNSHIP, | : |  |
|  |  |  |
| Defendants-Appellees. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 11, 2024

*Vorhees & Levy, LLC,* and *Michael R. Vorhees*, for Plaintiff-Appellant,

*Law Offices of Gary E. Powell* and *Gary E. Powell*, for Defendants-Appellees.

**BOCK, Presiding Judge.**

{¶1} Plaintiff-appellant Michael R. Vorhees challenges the trial court's judgment upholding defendants-appellees Anderson Township Board of Zoning Appeals ("BZA") and Anderson Township's enforcement of certain portions of the Anderson Township Zoning Resolution ("ATZR") that regulate his fence on his corner-lot property.

{¶2} First, Vorhees claims that the common pleas court erred when it dismissed the counts in his complaint seeking a declaratory judgment that the ATZR is facially unconstitutional. But long-standing precedent prohibits facial challenges to zoning ordinances' constitutionality in administrative appeals. Second, Vorhees maintains that the common pleas court erred when it affirmed the BZA's decision, which found that the placement of Vorhees's newly-erected privacy fence violated the ATZR. We hold that the common pleas court did not err as a matter of law when it affirmed the BZA's decision, and Vorhees has not shown that its decision is "unsupported by the preponderance of the evidence." We affirm the common pleas court's judgment.

## I. Facts and Procedure

{¶3} Vorhees owns real property on the corner of two intersecting streets ("Street A" and "Street B") in Anderson Township's "B" Residential District. To alleviate ongoing tensions with neighbors, Vorhees hired a local fence company to build a privacy fence between his property and his neighbors' property. Relying on assurances from the fence company, Vorhees believed that a zoning certificate was unnecessary and erected this fence in November 2022:



**{¶4}** Weeks later, Vorhees received a letter from an Anderson Township planner notifying him that his "newly constructed 6ft tall privacy fence" was "located in the side yard of the property" and therefore his "property is in violation of Article 2.1 and Article 5.2.A.9 of the [ATZR]." In Anderson Township's "B" Residential District, a six-foot fence can be built in the "rear yard," while front and side-yard fences must be "more than seventy-five (75) percent open and not exceeding four (4) feet in height . . . provided they are not in the public right of way." ATZR Article 5.2.A.9.

**{¶5}** In response, Vorhees emailed the planner and asked him to rescind the noncompliance letter. The planner replied and explained that because Vorhees's "lot is a corner lot, both street frontages are considered a front yard area and a solid fence is not permitted in this area." The planner told Vorhees how to apply for a zoning certificate or, alternatively, a zoning variance.

*Vorhees's administrative appeal*

**{¶6}**   Vorhees filed an administrative appeal to the BZA and asked it to reverse the planner's interpretation of the ATZR and his noncompliance determination. That same day, Vorhees granted permission to Anderson Township employees and members of the BZA to inspect the premises.

**{¶7}**   The hearing began with an Anderson Township planner's account of the case history, which started with a "complaint indicating a possible zoning violation of a 6' tall privacy fence." Then, "staff confirmed the violation while performing an inspection of the property."

**{¶8}**   The planner displayed an aerial map of Vorhees's property:



**{¶9}**   The planner explained that, under "Article 5.2(A)(9) . . . six-foot-high privacy fences are only permitted in the rear yard. And four-foot-high, 75-percent-open fences are permitted in the front and side yards." But because Vorhees's property sits on a corner lot, it "has frontage on" two streets.

4

**{¶10}** The planner explained that the Anderson Township Zoning Department "believe[s] [the fence] partially goes into the right-of-way:"



**{¶11}** Another map produced by the Zoning Department staff illustrated the zoning violation. The following "red line is the allowable location of the six-foot fence" and the dots "are the approximate current location of the six-foot high privacy fence:"



These were approximations "based on [the staff's] site visit and the aerials" because the Zoning Department "never . . . actually received a site plan." The Zoning Director explained to the BZA that "the rear yard of the property" falls within "the area . . . in the red lines."

{¶12} In support of his appeal, Vorhees identified two errors by the Zoning Department. The first was "the dots." He contended that the dots "start[] in the streets" and "[t]hat's not where the fence is. The fence is off the street, off the sidewalk." The second error was "the interpretation of a – of a rear – front and rear." A member of the BZA pointed out that "[t]he dots don't show it going into the road, they show it coming up just past the edge of the sidewalk," but Vorhees responded, "that's incorrect." Rather, it is "close to the sidewalk." Vorhees explained that, as an attorney, he does "know how to read statutes and resolutions" and "these definitions and they're–they do get convoluted." Vorhees did not "think there's any question . . . common-sense-wise" that the fence was in the backyard.

{¶13} Two neighbors testified in support of the Zoning Department's decision. The first explained that Vorhees installed "a six-foot-high privacy fence" that "extend[s] into the [Street B] public right-of-way." She testified that the "fence is an eyesore and decreases the value of my property." She hired a land planner, who testified that the "fence is partially into the public right-of-way, and Staff is correct in asserting that." And the land planner testified that "the fence is wholly within the front yard portion of the subject property."

{¶14} The second neighbor told the BZA that "this fence is actually a safety hazard. You have to walk up to it and kind of look around it. We have a lot of deer and other animals that cross through that area." She explained that a nearby property sits

on a corner lot and is in "a very similar situation." They constructed a fence that "abides by the zoning resolution" and "is only in their backyard private area."

{¶15} The BZA rejected Vorhees's appeal and affirmed the Zoning Department's interpretation of the code and finding of a violation.

*Vorhees appealed the BZA's decision*

{¶16} Vorhees filed a three-count complaint in the Hamilton County Court of Common Pleas, naming the BZA and Anderson Township as defendants. He styled his first count as an administrative appeal under R.C. 2506.01 and claimed that the BZA's decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the evidence on the whole record" and violated his state and federal due-process and equal-protection rights. He styled his second and third counts as requests for declaratory relief under R.C. 2721.03 and alleged that the "failures of the ZBA" constituted violations of his due-process and equal-protection rights under the state and federal constitutions.

{¶17} Anderson Township and the BZA moved to dismiss the second and third counts, arguing that in an administrative appeal, the common pleas court lacked jurisdiction to consider his request for declaratory judgment that the ATZR is facially unconstitutional.

{¶18} Vorhees disagreed and clarified that the second and third counts raise questions of "whether or not the zoning ordinances are even legal. Not just as the ordinances were applied to Plaintiff, but as the ordinances are generally applied to any and all residents of Anderson Township." He stressed that his "arguments are more than 'as applied.'" His claims were challenges to "the overall constitutionality of the zoning ordinances and procedures of Anderson Township." On the merits, Vorhees

7

claimed that the zoning ordinances were unconstitutionally vague and violated his due-process and equal-protection rights.

{¶19} The common pleas court issued two orders. First, it dismissed Vorhees's second and third counts seeking declaratory relief because the Supreme Court of Ohio has held that "a request for declaratory judgment must be filed in a separate R.C. 2721 action and cannot be combined with an administrative appeal." *See Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals,* 66 Ohio St.3d 452, 454 (1993). In its other order, the common pleas court affirmed the BZA's interpretation of the ATZR and entered judgment for Anderson Township.

## II. Law and Analysis

A. Facial constitutional challenges are improper in an administrative appeal

{¶20} Vorhees argues that the common pleas court wrongfully dismissed his request for a declaratory judgment in the second and third counts of his complaint. The crux of Vorhees's argument is that the common pleas court should have considered, in his administrative appeal from the BZA, his request for a declaratory judgment that the ATZR is facially unconstitutional. But that argument contradicts long-standing precedent in Ohio.

{¶21} R.C. 2506.01, which governs appeals from administrative officers and agencies, provides "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located." R.C. 2506.01(A). In administrative appeals, common pleas courts perform an appellate task. *AT&T Communications of Ohio, Inc. v. Lynch*, 2012-Ohio-1975, ¶ 15.

{¶22} A common pleas court may reverse, vacate, or modify a board of zoning appeals' order if the court finds that the order "is unconstitutional, illegal, arbitrary, capricious, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Common pleas courts' review is confined to the transcript unless a statutory exception applies. R.C. 2506.03(A).

{¶23} While common pleas courts' review is limited, the interest of judicial economy warrants consideration of an "'as applied' challenge . . . on appeal through R.C. 2506." *Steiner v. Morrison*, 2016-Ohio-4798, ¶ 9 (7th Dist.); *see Fulton v. Bd. of Zoning Appeals*, 2017-Ohio-971, ¶ 8 (8th Dist.); *see also Cappas & Karas Invest., Inc. v. City of Cleveland, Bd. of Zoning Appeals,* 2005-Ohio-2735, ¶ 12 (8th Dist.). The nature of an as-applied challenge lends itself to review in an administrative appeal because it asserts that the application of an ordinance or statute is unconstitutional under the particular circumstances presented in the dispute. *Yajnik v. Akron Dept. of Health, Hous. Div.,* 2004-Ohio-357, ¶ 14.

{¶24} The Supreme Court of Ohio has explained that administrative appeals are appropriate vehicles for determining "whether the prohibition against the specific proposed use has any reasonable relationship to the legitimate exercise of police power by the municipality." *Id*. Whether a zoning ordinance is constitutional as applied to the facts of the case turns on the owner's specific proposed use of the property. *Id*. In such an as-applied challenge, common pleas courts do not objectively determine whether a zoning ordinance is constitutional. *Karches v. City of Cincinnati*, 38 Ohio St.3d 12, 16 (1988).

{¶25} The same cannot be said for raising facial challenges in an administrative appeal. Specifically, "'[a] facial constitutional challenge to a zoning

ordinance is improper in the context of an administrative appeal.'" *Fulton* at ¶ 8, quoting *Cappas & Karas* at ¶ 12; *see Karches* at paragraph one of the syllabus; *see also Kreinest v. Planning Comm. of Maineville,* 2015-Ohio-1178, ¶ 25 (12th Dist.) (explaining that a "facial attack on the constitutionality of the ordinance is not within the scope of an R.C. Chapter 2506 appeal"); *Blue Stone Sand & Gravel v. Mantua Twp. Zoning Bd. of Appeals*, 127 Ohio App.3d 37, 44 (11th Dist. 1998) ("the court was not permitted to invalidate the resolution or any of its provisions *on its face* in an appeal from a decision of the BZA denying a permit application. A resolution can only be attacked *on its face* in a declaratory judgment action.").

**{¶26}** Rather, a party must launch a facial challenge to an ordinance's constitutionality by bringing a separate declaratory-judgment action. *Cappas & Karas*, 2005-Ohio-2735, at ¶ 12 (8th Dist.). The Supreme Court of Ohio has repeatedly held that a "'declaratory judgment action is independent from the administrative proceedings; it is not a review of the final administrative order.'" *Community Concerned Citizens*, 66 Ohio St.3d at 453, quoting *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, 271 (1975).

**{¶27}** In *Community Concerned Citizens,* the Supreme Court of Ohio considered the propriety of a request for a declaratory judgment in an administrative appeal in what it described as a "hybrid constitutional challenge." *Id.* at 454. The Court held that the declaratory-judgment request could not be combined with the administrative appeal. *Id.* Moreover, the Court held that "to request a declaratory judgment appellant was required to file a *separate* R.C. 2721 action." (Emphasis in original). *Id.*

**{¶28}** Vorhees is correct that *Community Concerned Citizens* addressed an administrative appeal of a denial of a variance. *See id.* at 453. Vorhees argues that, because he is not appealing the denial of a variance, *Community Concerned Citizens* is distinguishable and does not control the outcome of this case. But nothing in *Community Concerned Citizens* suggests that the Supreme Court of Ohio limited its holding involving hybrid constitutional challenges to variance denials. And no other Ohio court has interpreted *Community Concerned Citizens* as narrowly as Vorhees proposes.

**{¶29}** The holding in *Community Concerned Citizens* has been applied to administrative appeals filed by government employees challenging their dismissal. *See Garrett v. City of Columbus,* 2010-Ohio-3895, ¶ 24 (10th Dist.) ("an administrative appeal and a complaint are procedurally incompatible"); *see also Pullin v. Village of Hiram*, 2003-Ohio-1973, ¶ 28 (11th Dist.) ("combining a claim for declaratory and/or injunctive relief in a R.C. 737.19(B) appeal is impermissible"). It has also been applied to administrative appeals of property value decisions. *See Holm v. Clark Cty. Aud.*, 2006-Ohio-3748, ¶ 3 (2d Dist.). And it prevented a party from seeking an injunction in an administrative appeal of a decision finding that a farmer's exotic animal farm was a nuisance. *See Summit Cty. Bd. of Health v. Pearson*, 2005-Ohio-2964, ¶ 8 (9th Dist.) ("[an] injunction order is beyond the scope of the jurisdiction granted to the court of common pleas under R.C. 2506").

**{¶30}** The proper mechanism to challenge the constitutionality of the ATZR on its face is a *separate* declaratory-judgment action. The common pleas court appropriately dismissed Vorhees's counts that raised these facial challenges. We overrule Vorhees's first assignment of error.

11

B.   <u>The common pleas court did not err by affirming the BZA</u>

**{¶31}** Vorhees also argues that the common pleas court abused its discretion when it affirmed the BZA's decision. First, he maintains that Anderson Township failed to satisfy its burden of proof. Second, he claims that the common pleas court failed to consider his constitutional arguments.

**{¶32}** When a property owner files an administrative appeal of an administrative board's decision, the "decision is 'presumed to be valid, and the burden is upon the party contesting the board's determination to prove otherwise.'" *Village of Terrace Park v. Anderson Twp. Bd. of Zoning Appeals*, 2015-Ohio-4602 ¶ 13 (1st Dist.), quoting *Klein v. Hamilton Cty. Bd. of Zoning Appeals*, 128 Ohio App.3d 632, 636 (1st Dist. 1998). The common pleas court may reverse, vacate, or modify the BZA's order if that order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. A common pleas court may only substitute its judgment for that of a board of zoning appeals if there is "not a preponderance of reliable, probative and substantial evidence to support the board's decision." *Cleveland Clinic Found. v. Bd. of Zoning Appeals,* 2014-Ohio-4809, ¶ 23, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, (1984).

**{¶33}** While a common pleas court's review of a zoning board's decision "resembles a de novo proceeding" because it reviews the record, weighs the evidence, and determines whether the board's decision is supported by the preponderance of the evidence, it must "give due deference to the administrative agency's resolution of evidentiary conflicts and not blatantly substitute its judgment for that of the agency."

*Athenry Shoppers, Ltd. v. Planning & Zoning Comm. of Dublin*, 2009-Ohio-2230, ¶ 16-17 (10th Dist.).

**{¶34}** Our review is narrower and limited to questions of law. *See Cook v. Village of Lockland*, 2024-Ohio-9, ¶ 21 (1st Dist.). We must determine whether the common pleas court erroneously applied or interpreted the law, or whether its decision was "'unsupported by the preponderance of the evidence'" as a matter of law. *Id.,* quoting *Terrace Park* at ¶ 14. By limiting our review to questions of law, the statute prevents us from "'weigh[ing] the preponderance of substantial, reliable[,] and probative evidence.'" *Terrace Park* at ¶ 14. And "[t]he law strongly favors affirming a trial court's decision in a R.C. Chapter 2506 appeal." *Mt. Carmel Farms, LLC v. Anderson Twp. Bd. of Zoning Appeals*, 2024-Ohio-2879, ¶ 20 (1st Dist.).

1. *The lower court's decision is not "unsupported by the evidence"*

**{¶35}** Vorhees maintains that the BZA found that his fence was out of compliance with the relevant zoning ordinances "without any actual measurements of the location, of the fence, or of the property lines." So, he continues, the BZA's determination was based on mere "[a]pproximations and guesses." But Vorhees cannot show that the common pleas court's decision is "unsupported by the preponderance of the evidence" as a matter of law. Despite Vorhees's claims, there was probative and reliable evidence of a zoning violation.

**{¶36}** The BZA determined that Vorhees installed the six-foot privacy fence without a permit in the front yard of his corner-lot property, which violated portions of the ATZR. And the common pleas court found that the BZA's decision was constitutional, legal, reasonable, and not "unsupported by the preponderance of the evidence."

{¶37} Specifically, the common pleas court cited portions of the record to find that Vorhees did, in fact, erect a six-foot fence in the front yard of his property. It explained that "the front yard depth is a minimum of 35 feet from the front line along each street to the nearest portion of the house, and no structures are permitted in the front yard."

{¶38} While the record does not contain precise measurements of the fence's height, a zoning planner read the township's staff report at the BZA hearing. The report stated that a complaint alleged that Vorhees had erected a six-foot fence and staff "confirmed the violation while performing an inspection of the property."

{¶39} Vorhees appears to believe the BZA and common pleas court found that the fence extended into the street. Not so. The BZA and common pleas court found that his fence extended to his property line, not the street. Significantly, the staff produced aerial maps of Vorhees's property without boundary lines and images that show the fence extending into the front-yard setback that adjoins Street B. And there was nothing in the BZA hearing controverting this evidence. While Vorhees argues that the staff's evidence lacked credibility, our review prevents us from weighing the evidence. *See Mt. Carmel Farms,* 2024-Ohio-2879, at ¶ 17 (1st Dist.). In sum, the common pleas court's decision to affirm the BZA is not "unsupported by the preponderance of the evidence as a matter of law." *See* R.C. 2506.04.

2. *The common pleas court did not err when it affirmed the BZA's interpretation of the ATZR*

{¶40} Vorhees also claims that the BZA and common pleas court misinterpreted the ATZR. First, Vorhees challenges the common pleas court's affirmation of the BZA's interpretation of the ATZR. Specifically, he argues that the zoning regulations are "ambiguous and confusing." He asserts that the fence-

14

installation company correctly interpreted the ATZR in contrast to the BZA, which failed to "apply clear meaning to the definitions in the zoning regulations," "failed to give the words in [the] zoning regulations the meaning commonly attributed to them," and interpreted the ATZR in a way that defies logic and serves no purpose.

{¶41} We begin with the basic principle that "zoning ordinances are to be construed in favor of the property owner because they are in derogation of the common law and deprive the property owner of uses to which the owner would otherwise be entitled." *Cleveland Clinic Found.*, 2014-Ohio-4809, at ¶ 34. Courts should strictly construe zoning regulations that restrict the use of private property and cannot extend the restrictions beyond what is "clearly prescribed." *Id*. Zoning boards and courts must be careful to avoid zoning property "'by implication.'" *Id.,* quoting *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 152 (2000). And as a general rule of statutory interpretation, the meaning of a zoning ordinance "should be derived from a reading of the provision taken in the context of the entire ordinance." *Id.*, quoting *Henly* at 152.

{¶42} According to Vorhees, the BZA's and common pleas court's interpretations "make no sense" because under their construction of the ATZR, "a corner lot does not have a rear property." But Vorhees is attempting to create ambiguity where there is none. The ATZR's regulation of a corner lot does not eliminate a rear yard.

{¶43} Relevant here, the ATZR explains that a "lot" in Anderson Township is "[a] parcel of land . . . having its principal frontage upon a street or place." ATZR Article 6.1.Lot. Frontage is the part of a "property on one side of a street between two intersecting streets (crossing or terminating) measured along the line of the street."

15

ATZR Article 6.1.Frontage. It explains that front yards are measured by "the minimum horizontal distance between the street line and the main building." ATZR Article 6.1.Yard.a. The code explains that a corner lot is "[a] lot abutting upon two (2) or more streets at their intersection." ATZR Article 6.1.Lot.Corner. According to the ATZR, a "rear yard" is the "yard extending across the rear of the lot between the side lot lines." ATZR Article.6.1.Yard.c. But a rear yard on a corner lot is "generally considered to be parallel to the street upon which the lot has its least dimension." *Id.*

{¶44} In Anderson Township's "B" Residence District, "[t]here shall be a front yard having a depth of not less than thirty-five (35) feet." ATZR Article 3.5.C.2.a. Corner properties like Vorhees's that are "located at the intersection of two or more streets" have "a front yard on each side of a corner lot." ATZR Article 3.5.C.2.a.ii. This is significant because in the "B" Residence District, fences may "not exceed[] six (6) feet in height in the rear yard" and must be "more than seventy-five (75) percent open and not exceeding four (4) feet in height in front and side yards." ATZR Article 5.2.A.9.

{¶45} In other words, a corner lot has two front yards, each front yard faces one of the two intersecting streets, and the rear yard runs parallel to the shorter street and extends to the front setback on the longer street. To illustrate this concept, the ATZR includes this diagram:

16



As such, Vorhees's rear yard extends from the side setback across the house's rear to the front setback. Contrary to Vorhees's assertions, the ATZR's regulation of corner lots eliminates one side yard, not the rear yard.

3. *Vorhees has not shown that the ATZR is unconstitutional*

**{¶46}** Vorhees argues that the ATZR's regulation of corner lots lacks a "substantial relation to the public health, safety, morals, or general welfare of the community."

**{¶47}** As Vorhees recognizes, zoning ordinances are presumptively valid and constitutional. *Hudson v. Albrecht, Inc.,* 9 Ohio St.3d 69, 71 (1984). To overcome this presumption, Vorhees has the burden of demonstrating the ATZR's unconstitutionality. *Id.* Vorhees's right to "use and enjoy his private property is not unbridled but is subject to the legitimate exercise of local police powers." *Id.* at 72. The ATZR is a legitimate exercise of Anderson Township's police power if it bears a substantial relationship to the promotion of "public health, safety and general welfare." *Id.* We have explained that "[t]he nature of the police power is elastic." *Platt*

17

*v. Bd. of Bldg. Appeals of Cincinnati,* 2011-Ohio-2776, ¶ 13 (1st Dist.). Indeed, this is "'one of the least limitable of government powers, and its operation often cuts down on property rights.'" *Id.,* quoting *Gross v. City of Strongsville*, 1980 Ohio App. LEXIS 13758, *6 (8th Dist. Jan. 25, 1980), quoting *Queenside Hills Realty Co. v. Saxl,* 328 U.S. 80, 83 (1946).

{¶48} While Vorhees argues that the ATZR's regulation of fences and corner lots bears no relationship to the safety and welfare of the general public, he fails to appreciate the testimony of his neighbor at the BZA hearing. Specifically, she testified that the fence impedes pedestrians' and drivers' sight lines. This presents a safety issue, his neighbor explained, because the fence effectively creates a blind spot for pedestrians and drivers in an area with significant wildlife traffic.

{¶49} Undeterred, Vorhees argues in broad terms that his constitutional rights were violated by the Anderson Township staff. He maintains that the common pleas court failed to consider these arguments. But the common pleas court did address these claims—it simply found that he failed to demonstrate how the application of the ATZR to his property violated his constitutional rights.

{¶50} Vorhees states that the application of the ATZR violated his right to the equal protection of law under the Fourteenth Amendment to the United States Constitution. But critically, Vorhees "alludes to, but does not develop, [this] argument." *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision,* 2014-Ohio-104, ¶ 38. Specifically, he fails to identify both the elements of his equal-protection claim and the level of scrutiny that we must apply to the alleged constitutional violation. His claim is perfunctory, underdeveloped, and lacks any principled analysis. And "appellate court[s] will not create an argument in support of

an assignment of error where an appellant fails to develop one." *Fontain v. Sandhu,* 2021-Ohio-2750, ¶ 15 (1st Dist.). We decline to consider his equal-protection claim.

**{¶51}** Vorhees also argues that the ATZR is unconstitutionally vague. An as-applied void-for-vagueness challenge is "'inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation.'" *Engel v. Crosby Twp. Bd. of Zoning Appeals,* 2009-Ohio-240, ¶ 9 (1st Dist.), quoting *Franchise Developers, Inc. v. Cincinnati,* 30 Ohio St.3d 28 (1987). When a party asserts that an ordinance is unconstitutionally vague, we resolve all doubts in favor of the ordinance being constitutional. *See City of Blue Ash v. Price,* 2018-Ohio-1062, ¶ 16 (1st Dist.).

**{¶52}** A zoning regulation must permit a person of common intelligence to determine what conduct is prohibited and provide standards sufficient "'to prevent arbitrary and discriminatory enforcement.'" *Id.,* quoting *State v. Williams,* 88 Ohio St.3d 513, 532 (2000). A legislative enactment is not void for vagueness simply because its language may have been more precise. *Id.,* quoting *State v. Dorso,* 4 Ohio St.3d 60 (1983). And every word in an ordinance need not be defined because courts may give undefined words their common, everyday meanings. *Id.*

**{¶53}** Like the common pleas court, we hold that Vorhees has not demonstrated how the ATZR fails to put a property owner on notice that the property is subject to the corner-lot and fence regulations. He simply states, in a conclusory manner, that "[t]he zoning resolutions do not provide fair warning to an ordinary citizen of what conduct is proscribed." The ATZR unambiguously regulates fences in a corner lot, and Vorhees has failed to carry his burden on appeal.

**{¶54}** Because Vorhees has not demonstrated that the court of common pleas erred as a matter of law when it affirmed the BZA's decision, we overrule his second assignment of error.

### III. Conclusion

**{¶55}** We overrule Vorhees's two assignments of error and affirm the common pleas court's judgment.

Judgment affirmed.

**CROUSE** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.